UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROBIN TACKETT,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

Case No. 1:15-cv-1205

HON. JANET T. NEFF

**OPINION**

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Robin Tackett seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act.

**STANDARD OF REVIEW**

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was fifty-seven years of age on the date of the Administrative Law Judge's (ALJ) decision. (PageID.38, 69.) She completed high school, and was previously employed as a general clerk, dispatcher, receptionist, accounts clerk, and packing and shipping clerk. (PageID.72, 99–100.) Plaintiff applied for benefits on August 6, 2013, alleging that she had been disabled since March 10, 2013, due to congestive heart failure, vertigo, left eye focus issues, and double vision. (PageID.109, 121, 209–222.) Plaintiff's application was denied on December 18, 2013, after which time she requested a hearing before an ALJ. (PageID.136–143, 148–150.) On October 6, 2014, Plaintiff appeared with her counsel before ALJ Paul Greenberg for an administrative hearing with

testimony being offered by Plaintiff and a vocational expert (VE). (PageID.59–107.) In a written decision dated March 30, 2015, the ALJ determined that Plaintiff was not disabled. (PageID.38–57.) On September 11, 2015, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.32–36.) Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four.

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

*Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Greenberg determined Plaintiff's claim failed at the fourth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (PageID.43.) At step two, the ALJ determined Plaintiff had the following severe impairments: (1) congestive heart failure; (2) diabetes mellitus; (3) hypertension; (4) vertigo; (5) presbyopia; and (6) obesity. (PageID.43–45.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (PageID.45–46.) At the fourth step, the ALJ found that Plaintiff retained the RFC based on all the impairments:

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), with the following additional limitations: The claimant occasionally can climb ramps and stairs, but she cannot climb ladders or scaffolds. The claimant occasionally can kneel, crouch, and crawl. The claimant occasionally can work around unprotected heights or moving mechanical parts; she occasionally an operate motorized equipment as part of her work. The claimant has limited near acuity such that the claimant would have difficulty reading at a normal reading distance for an extended period of time. The claimant would need to be able to take a 15 minute visual break after reading for 45 minutes.

(PageID.46.) Continuing with step four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a receptionist as it was generally performed. (PageID.51–53.) Having made his determination at step four, the ALJ completed his analysis and was not required to proceed further. Accordingly, the ALJ determined that Plaintiff was not under a disability at any

4

point from March 10, 2013 (the alleged disability onset date) through March 30, 2015 (the date of the decision). (PageID.53.)

## DISCUSSION

At the administrative hearing, Plaintiff testified that she experiences double vision. (PageID.87.) She stated that it occurs whenever she focuses on an object, but that she can blink and then it will go away. Sometimes, though, she has to blink three or four times. (PageID.87.) Plaintiff further testified that she has difficulty reading from a computer screen, will sometimes see double, and often sets the font size larger than normal. (PageID.87.) She stated that she visits with Dr. Hugh Campbell, O.D., an optometrist, to treat this condition. (PageID.88.) Plaintiff testified that Dr. Campbell recommended she rest every thirty to forty-five minutes for a period of ten to fifteen minutes when using a computer. (PageID.89.) After the hearing, Plaintiff's counsel submitted a letter authored by Dr. Campbell in which the doctor stated that Plaintiff complained of double vision when "near" reading. Dr. Campbell noted that stress, fatigue, length of time reading, use of the computer, sickness, and blood sugar levels also "may have an effect on her vision." (PageID.415.) He went on to conclude that in order to "feel more comfortable," Plaintiff "may" read at sixteen inches with good light, regulate time involved in near use of her eyes, reduce stress and fatigue in her life, and control her diabetes with proper diet and exercise. (PageID.415.) The ALJ stated he gave "substantial weight" to Dr. Campbell's opinion, and that the RFC accounted for the doctor's findings. (PageID.50–51.) Plaintiff's sole claim of error is that, despite this assertion, the ALJ erred by failing to include all the doctor's limitations in the RFC and hypothetical to the VE.

By way of background, the treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375–76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527). As an optometrist, Dr. Campbell qualifies as an acceptable source for purposes of establishing visual disorders. *See* 20 C.F.R. §§ 404.1513(a)(3), 416.916(a)(3).

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979, at *2 (6th Cir. Nov. 7, 1991) (citing *Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 235 n.1 (6th Cir. 1987)). The ALJ may reject the opinion of a treating physician where it is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Miller*, 1991 WL 229979, at *2 (citing *Shavers*, 839 F.2d at 235 n.1); *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286–87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Id.* (quoting

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)).  Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment.  *Id.* at 376–77.

> The ALJ discussed the opinion as follows:
>
> In October 2014, Dr. Campbell submitted the claimant's most recent visual acuity testing, which revealed no change from her April 2014 testing (Ex. 13F/3).  However, Dr. Campbell did note the claimant's double vision occurs at near distance, and some of the triggers that lead to her problem are stress, fatigue, length of time reading, use of the computer, sickness, and sugar levels (Ex. 13F/3).  Moreover, Dr. Campbell noted the claimant has a poor degree of range at twelve inches from the notes (Ex. 13F/3).  Therefore, in finding that the claimant has difficulty reading at a normal reading distance and can only perform work that allows for a fifteen minute break after reading for forty-five minutes, the above residual functional capacity accounts for the triggers fo the claimant's presbyopia and double vision.  The above residual functional capacity also accounts for Dr. Campbell's findings.

(PageID.50.)  The ALJ went on to assign substantial weight to the opinion.  He noted that Dr. Campbell's opinion "point[s] to relative stability in the claimants visual abilities, and no conditions so severe that they would preclude work within the residual functional capacity."  (PageID.51.)

Contrary to Plaintiff's assertion that the ALJ did not account for Dr. Campbell's "very specific restrictions" (PageID.431), the Court finds the statements provided by Dr. Campbell were vague, speculative, and fail to indicate any specific functional limitations from which Plaintiff allegedly suffered.  In this respect, the ALJ's RFC determination is simply not inconsistent with Dr. Campbell's statements.  Indeed, the ALJ appears to have specifically credited Dr. Campbell's opinion, as general as it might be, and stated he was crafting an RFC that accommodated the limitations for Plaintiff's fatigue, stress, and difficulty reading at normal distances.  Plaintiff has not

7

pointed to any evidence demonstrating that she is further limited than that found by the ALJ. For all these reasons, Plaintiff's claim must be rejected.

Plaintiff relatedly argues the ALJ's step four determination is unsupported by substantial evidence because the ALJ did not account for the same limitations she argues were not incorporated into the RFC when questioning the VE. (PageID.431–433.) As an initial matter, a VE's testimony is not required when the ALJ determines that a claimant is not disabled at step four of the sequential evaluation. *See Wright–Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 395 (6th Cir. 2010) (an ALJ is not required to solicit testimony from a VE in determining whether a claimant is capable of performing his past relevant work); *Banks v. Massanari*, 258 F.3d 820, 827 (8th Cir. 2001) (VE testimony is not required until step five of the sequential analysis). However, the regulations provide that an ALJ may use a VE's services in determining whether a claimant can perform her past relevant work. 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2) (a VE "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy"); *see, e.g.*, *Griffeth v. Comm'r of Soc. Sec.*, 217 F. App'x 425, 429 (6th Cir. 2007) ("[t]he regulations permit an ALJ to use the services of a vocational expert at step four to determine whether a claimant can do his past relevant work, given his RFC"). When a court obtains vocational evidence through the testimony of a VE, the hypothetical questions posed to the VE must accurately portray the claimant's physical and mental limitations. *See Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 632 (6th Cir. 2004). However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990).

Here, the ALJ credited the limitations provided by Dr. Campbell and stated he was incorporating them into the RFC that, in turn, was reflected in the hypothetical to the VE. As the Court has determined the ALJ did not err regarding Dr. Campbell's opinion, the Court also finds the VE's testimony in response to the hypothetical incorporating those limitations provides substantial evidence in support of the ALJ's determination that Plaintiff was able to perform her past relevant work as a receptionist as it was generally performed. Plaintiff's argument is rejected.

## **CONCLUSION**

For the reasons articulated herein, the Commissioner's decision will be **AFFIRMED.** A separate Judgment shall issue.


Dated:   September 26, 2016                     /s/ Janet T. Neff
                                                JANET T. NEFF
                                                UNITED STATES DISTRICT JUDGE